[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16176
Non-Argument Calendar
_____

D.C. Docket No. 6:04-cr-00002-WLS-TQL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH ABRAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 3, 2013)

Before CARNES, Chief Judge, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Keith Abrams appeals the denial of his 18 U.S.C. § 3582(c)(2) motion for a

sentence reduction based on Amendment 750 to the federal sentencing guidelines

and the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, which respectively lowered the base offense levels and mandatory minimum sentences for crack-cocaine offenses. Abrams contends that, notwithstanding the fact that he was sentenced as a career offender under § 4B1.1 of the United States Sentencing Guidelines, instead of the crack-cocaine guidelines found in § 2D1.1, he is entitled to a sentence reduction under Amendment 750 and the FSA in light of the Supreme Court's decisions in Freeman v. United States, — U.S. —, 131 S.Ct. 2685 (2011), and Dorsey v. United States, — U.S. —, 132 S.Ct. 2321 (2012).

We review de novo the district court's conclusions about the scope of its legal authority to grant a § 3582(c)(2) sentence reduction. United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir. 2012). Section 3582 authorizes a district court to reduce a defendant's prison term if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). In United States v. Moore, we held that "[w]here a retroactively applicable guideline amendment," such as Amendment 750, "reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10 cmt. n.1(A) (explaining that a § 3582(c)(2) sentence reduction is not authorized if the relevant amendment "does not have the effect of lowering

2

the defendant's applicable guideline range because of the operation of another guideline or statutory provision").

Because Abrams' guidelines range was driven by his career offender designation, instead of the crack-cocaine guidelines in § 2D1.1, he is not entitled to a sentence reduction based on Amendment 750 because it did "not alter the sentencing range upon which his . . . sentence was based." See Moore, 541 F.3d at 1330. While Abrams contends that the Supreme Court's decision in Freeman, which concerned eligibility for § 3582(c)(2) relief for defendants who enter into plea agreements under Federal Rule of Criminal Procedure 11(c)(1)(C), called our Moore decision into question, we have already held that Freeman did not overrule Moore and extend § 3582(c)(2) relief to defendants sentenced based on the career offender guideline. Lawson, 686 F.3d at 1320–21. We are bound by that holding under the prior panel precedent rule even if, as Abrams insists, Lawson's analysis was wanting or flawed. See Smith v. GTE Corp., 236 F.3d 1292, 1303 (11th Cir. 2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

Abrams is also not entitled to relief under the FSA because, as we have also held, the FSA is not a guidelines amendment implemented by the Sentencing Commission, but a statutory change enacted by Congress, and the FSA does not

otherwise apply to defendants, like Abrams, who were originally sentenced before the Act took effect on August 3, 2010.  See United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Contrary to Abrams' assertion, the Supreme Court's decision in Dorsey, which held that the FSA's lower mandatory minimums apply to pre-Act offenders sentenced after its effective date, did not suggest that the FSA should apply retroactively to defendants sentenced before its enactment.  See id. at 378 ("The Supreme Court in Dorsey carefully confined its application of the FSA to pre-Act offenders who were sentenced after the Act's effective date.").  Accordingly, the district court properly found that it was not authorized to grant Abrams a § 3582(c)(2) reduction based on either Amendment 750 or the FSA.

**AFFIRMED.**